IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05CV344-1-MU
3:93CR34-MU

| | |
|---|---|
| JERRY SANDERS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** comes before the Court upon Petitioner's Motion and Prayer for Relief, filed June 14, 2005.

On or about February 4, 1993, Petitioner, along with four other individuals, was indicted for violating 21 U.S.C. § 841 and 846. On September 8, 1994, pursuant to a written plea agreement, Petitioner entered a guilty plea at his Rule 11 hearing. On November 6, 1995, this Court sentenced Petitioner to 188 months imprisonment. On June 12, 1997, the United States Court of Appeals for the Fourth Circuit issued an unpublished decision dismissing his appeal.

On January 28, 1998, Petitioner filed a Motion to Vacate pursuant to 28 U.S.C. § 2255 (3:98CV30) with this Court alleging, among other things, that his criminal history category was improperly calculated. On June 2, 1998, this Court entered an Order dismissing Petitioner's Motion to Vacate. On August 13, 1999, the United States Court of Appeals for the Fourth Circuit affirmed the dismissal of Petitioner's Motion to Vacate.

On February 9, 2000, Petitioner filed a petition pursuant to 28 U.S.C. § 2241 with the

United States District Court for the Southern District of Florida asserting that this Court had erroneously sentenced him as a career offender. The Southern District of Florida, recognizing that his petition was in fact a motion to vacate, transferred his case to this Court (3:00CV131). On April 7, 2000, this Court held that Petitioner's § 2241 federal habeas petition was really a § 2255 motion to vacate and as such it was dismissed as successive.

On October 30, 2003, Petitioner filed yet another federal habeas petition pursuant to § 2241 with the United States District Court for the Southern District of Florida arguing that his due process rights are being violated because his pre-sentence report erroneously classifies him as a career offender. Again, that Court construed Petitioner's petition as one more properly made pursuant to 28 U.S.C. § 2255. Petitioner objected to this recharacterization but the Southern District of Florida rejected his challenge and transferred the case to this Court. This Court again construed Petitioner's filing as a motion pursuant to § 2255,[1] and dismissed said motion without prejudice on the basis that it was successive (3:04CV275). The Fourth Circuit again affirmed this Court's ruling.

Petitioner has now filed a general motion in his criminal case entitled "Motion and Prayer for Relief." In said motion Petitioner continues his previous argument that he was incorrectly categorized as a career offender. In support he attaches a certified record search dated November 5, 1997 which sets forth that case number 66-7003 E (assault with intent to commit rape) was dismissed for want of prosecution on July 26, 1972. Again, as Petitioner has repeatedly been

---

[1] This Court finds that the Court of Appeals for the Fourth Circuit's decision in United States v. Emmanuel, 288 F.3d 644 (4th Cir. 2002), is distinguishable because, unlike in the Emmanuel case, this would not be Petitioner's first § 2255 motion. Id. at 650 (no notice required where recharacterization has no adverse impact on movant).

informed, his filing is most properly construed as a motion to vacate, set aside, or correct sentence.[2] Again, as Petitioner is well aware, under the Antiterrorism and Effective Death Penalty Act (AEDPA), "a second or successive motion must be certified . . . by a panel of the appropriate court of appeals. . ." 28 U.S.C. § 2255 (1997). Therefore, because this is not Petitioner's first motion to vacate, set aside, or correct sentence, the Petitioner must first certify his claim with the Fourth Circuit Court of Appeals before he can file his successive claim in the District Court.

**THEREFORE, IT IS HEREBY ORDERED** that:

1. Petitioner's Motion and Prayer for Relief are construed as a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255; and

2. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence is **DISMISSED** without prejudice as successive.

---

[2] This Court finds that the Court of Appeals for the Fourth Circuit's recent decision in United States v. Emmanuel, 288 F.3d 644 (4th Cir. 2002), is distinguishable because, unlike in the Emmanuel case, this would not be Petitioner's first § 2255 motion. Id. at 650 (no notice required where recharacterization has no adverse impact on movant).

**Signed: August 1, 2005**

*[signature]*

Graham C. Mullen
Chief United States District Judge